**IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAMA CITY DIVISION**

**ERIC DAVID HARRIS,
a/k/a DAVID JOSEPH NORTHRUP,[1]
 Plaintiff,,**

**vs.** **Case No.: 5:10cv76/RS/MD**

**WALTER A. MCNEIL, et al.,
 Defendants.**
_____

## REPORT AND RECOMMENDATION

Plaintiff, a prisoner proceeding *pro se*, has filed a second amended civil rights complaint under 42 U.S.C. §1983. (Doc. 30). The filing fee has been paid. (Doc. 21). Also pending are plaintiff's motion for leave to proceed *in forma pauperis* (doc. 2), motion for leave to proceed as class-action status (doc. 4), motion for appointment of class counsel (doc. 8), two motions for preliminary inunction and temporary restraining order (docs. 9, 28), motion to consolidate cases (doc. 26), and motion requesting an order to write prisoner John M. Paulk (doc. 27).

The second amended complaint has been reviewed pursuant to 28 U.S.C. § 1915A. For the reasons stated herein, the court concludes that plaintiff has not presented an actionable claim and that dismissal of this case is warranted.

## BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at

---

[1]**Plaintiff is incarcerated under the name of David Joseph Northrup, DC#V13733. According to court documents submitted with one of his pleadings, he legally changed his name on September 26, 2007 to Eric David Harris. (Doc. 12, p. 5).**

Apalachee Correctional Institution ("Apalachee CI"). Plaintiff's second amended complaint names five defendants in their individual and official capacities, namely: Walter A. McNeil, Secretary of the Florida Department of Corrections ("DOC"); Kathleen L. Fuhrman, Public Health and Nutrition Manager of the DOC; Charles D. Terrell, an officer responsible for approving the DOC's menu; C. Dunn, Correctional Officer at the Northwest Florida Reception Center; and S. Lavins, Food Service Director of the DOC. (Doc. 30, pp. 1-2). Plaintiff claims the defendants have subjected him to cruel and unusual punishment in violation of the Eighth Amendment by serving meals containing levels of soy protein and TVP (textured vegetable protein) that exceed the Food and Drug Administration's (FDA) "recommended intake." Plaintiff further contends the level of soy protein renders the food "nutritionally inadequate" and causes him to suffer "severe gastrointestinal problems and abdominal cramps." (Doc. 30, p. 8). As relief, he seeks declaratory and injunctive relief, as well as monetary damages.

## DISCUSSION

Since plaintiff is a prisoner, the court is required to review the second amended complaint as soon as practicable after docketing, and dismiss the action if the complaint is frivolous, malicious, or fails to state a claim upon which relief may be granted. 28 U.S.C. §1915A(b)(1). The court must read plaintiff's *pro se* allegations in a liberal fashion. *Haines v. Kerner*, 404 U.S. 519, 92 S.Ct. 594, 30 L.Ed.2d 652 (1972). A complaint is frivolous under section 1915(e) "where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325, 109 S.Ct. 1827, 1833, 104 L.Ed.2d 338 (1989). Dismissals on this ground should only be ordered when the legal theories are "indisputably meritless," *Id.* at 327, 109 S.Ct. at 1833, or when the claims rely on factual allegations that are "clearly baseless." *Denton v. Hernandez*, 504 U.S. 25, 31, 112 S.Ct. 1728, 1733, 118 L.Ed.2d 340 (1992). Dismissals for failure to state a claim are governed by the same standard as Federal

Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In determining whether the complaint states a claim upon which relief may be granted, the court accepts a complaint's well pleaded factual allegations as true and evaluates all inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*, 29 F.3d 1480, 1483 (11th Cir. 1994). There are a few exceptions to this rule, however, such as where the facts alleged are internally inconsistent or where they run counter to facts of which the court can take judicial notice. 5B CHARLES A. WRIGHT AND ARTHUR R. MILLER, FEDERAL PRACTICE AND PROCEDURE § 1357 (2008). Furthermore, only <u>well pleaded</u> factual allegations are taken as true and only <u>reasonable</u> inferences are drawn in plaintiff's favor. *See Oladeinde v. City of Birmingham*, 963 F.2d 1481, 1485 (11th Cir. 1992); *Marrero v. City of Hialeah*, 625 F.2d 499, 502 (5th Cir. 1980);[2] *see also Associated Builders, Inc. v. Ala. Power Co.*, 505 F.2d 97, 100 (5th Cir. 1974) ("unwarranted deductions of fact are not admitted as true"). "[A]ny conclusory allegations, unwarranted deductions of fact or legal conclusions masquerading as facts do not prevent dismissal." *Weissman v. Nat'l Ass'n of Sec. Dealers*, 500 F.3d 1293, 1305 (11th Cir. 2007) (en banc) (Tjoflat, J., dissenting) (citing *Associated Builders, Inc.*, 505 F.2d at 99).

The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative level." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 127 S.Ct. 1955, 1964-65, 167 L.Ed.2d 929 (2007) (citations and internal quotations omitted). If the facts as pleaded do not state a claim to relief that is plausible on its face, the complaint may be dismissed. *See id.*, 550 U.S. 544, 127 S.Ct. at 1968-69, 1974 (retiring the negatively-glossed "no set of facts" language previously used to describe the motion to dismiss standard and determining that because plaintiffs had "not nudged their claims across the line from conceivable to plausible, their complaint must be dismissed" for failure to state a claim).

---

[2]In *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc), the Eleventh Circuit adopted as binding precedent all decisions of the former Fifth Circuit handed down prior to October 1, 1981.

## Eighth Amendment Standard

The Eighth Amendment governs "the treatment a prisoner receives in prison and the conditions under which he is confined." *Hellig v. McKinney,* 509 U.S. 25, 31, 113 S.Ct. 2475, 125 L.Ed.2d 22 (1993). However, "[n]ot every governmental action affecting the interests or well-being of a prisoner is subject to Eighth Amendment scrutiny." *Whitley v. Albers,* 475 U.S. 312, 319, 106 S.Ct. 1078, 89 L.Ed.2d 251 (1986). After incarceration, "only the 'unnecessary and wanton infliction of pain' . . . constitutes cruel and unusual punishment forbidden by the Eighth Amendment." *Ingraham v. Wright*, 430 U.S. 651, 670, 97 S.Ct. 1401, 51 L.Ed.2d 711 (1977) (quoting *Estelle v. Gamble*, 429 U.S. 97, 104, 97 S.Ct. 285, 50 L.Ed.2d 251 (1976) (citations omitted)). Claims challenging conditions of confinement under the Eighth Amendment must demonstrate an infliction of pain "without any penological purpose" or an "unquestioned and serious deprivation of basic human needs" such as medical care, exercise, food, warmth, clothing, shelter, or safety. *Rhodes v. Chapman*, 452 U.S. 337, 347, 101 S.Ct. 2392, 2399, 69 L.Ed.2d 59 (1981); *see also Hamm v. DeKalb County*, 774 F.2d 1567, 1571-72 (11th Cir. 1985).

The deprivation of food constitutes cruel and unusual punishment only if it denies a prisoner the "minimal civilized measure of life's necessities." *Wilson v. Seiter*, 501 U.S. 294, 303, 111 S.Ct. 2321, 115 L.Ed.2d 271 (1991). It is well-established that inmates must be provided nutritionally adequate food, "prepared and served under conditions which do not present an immediate danger to the health and well being of the inmates who consume it." *Shrader v. White*, 761 F.2d 975 (4th Cir. 1985) (quoting *Ramos v. Lamm*, 639 F.2d 559, 571 (10th Cir.1980), cert. denied, 450 U.S. 1041, 101 S.Ct. 1759, 68 L.Ed.2d 239 (1981)); *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985). The food need not be "tasty or aesthetically pleasing" but merely "adequate to maintain health." *Keenan v. Hall*, 83 F.3d 1083, 1091 (9th Cir.1996), *amended by* 135 F.3d 1318 (9th Cir. 1998); *Lunsford v. Bennett*, 17 F.3d 1574, 1580 (7th Cir. 1994); *LeMaire v. Maass*, 12 F.3d 1444, 1456 (9th Cir.1993);

*Green v. Ferrell*, 801 F.2d 765, 770 (5th Cir. 1986) (*quoting Smith v. Sullivan*, 553 F.2d 373, 380 (5th Cir. 1977)); *Cunningham v. Jones*, 567 F.2d 653, 659-60 (6th Cir. 1977); *see also Hamm v. DeKalb County*, 774 F.2d at 1575 ("The Constitution requires that prisoners be provided "reasonably adequate food.")

A viable Eighth Amendment claim has both an objective and subjective component. The first requirement, the objective component, has been described as follows:

> [U]nder the "objective component," a prisoner must prove that the condition he complains of is sufficiently serious to violate the Eighth Amendment. *Hudson v. McMillian*, 503 U.S. 1, 8, 112 S.Ct. 995, 999, 117 L.Ed.2d 156 (1992). The challenged condition must be "extreme." *Id.* at 9, 112 S.Ct. at 1000. While an inmate "need not await a tragic event" before seeking relief, *Helling v. McKinney*, 509 U.S. 25, 33, 113 S.Ct. 2475, 2481, 125 L.Ed.2d 22 (1993), he must at the very least show that a condition of his confinement "pose[s] an unreasonable risk of serious damage to his future health" or safety, *id.* at 35, 113 S.Ct. at 2481. Moreover, "the Eighth Amendment requires more than a scientific and statistical inquiry into the seriousness of the potential harm and the likelihood that such injury to health will actually be caused by exposure to [the challenged condition of confinement]. It also requires a court to assess whether society considers the risk that the prisoner complains of to be so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk. In other words, the prisoner must show that the risk of which he complains is not one that today's society chooses to tolerate." *Id.* at 36, 113 S.Ct. at 2482. The Eighth Amendment thus guarantees that prisoners will not be "deprive [d] ... of the minimal civilized measure of life's necessities." *Rhodes*, 452 U.S. at 347, 101 S.Ct. at 2399.

*Chandler v. Crosby*, 379 F.3d 1278, 1289-90 (11th Cir. 2004).

The second requirement, the subjective component, requires "a subjective intent by the public officials involved to use the sufficiently serious deprivation in order to punish." *Taylor v. v. Adams*, 221 F.3d 1254, 1258 (11th Cir. 2000) (citing *Wilson v. Seiter*, 501 U.S. at 300, 111 S.Ct. at 2325) ("The source of the intent requirement is not the predilections of this Court, but in the Eighth Amendment itself, which bans only cruel and unusual *punishment*. If the pain inflicted is not

formally meted out *as punishment* by the statute or the sentencing judge, some mental element must be attributed to the inflicting officer before it can qualify." (emphasis in original)). "To show the required subjective intent to punish, a plaintiff must demonstrate that the public official acted with an attitude of 'deliberate indifference.'" *Taylor* at 1258 (quoting *Estelle*, 429 U.S. at 105, 97 S.Ct. at 291). Deliberate indifference is not established "unless the official knows of and disregards an excessive risk to inmate health or safety; the official must both be aware of facts from which the inference could be drawn that a substantial risk of serious harm exists, and he must also draw the inference." *Farmer v. Brennan*, 511 U.S. 825, 837, 114 S.Ct. 1970, 1979, 128 L.Ed.2d 811 (1994). To sustain a claim, plaintiff must show that the challenged conduct was "very unreasonable in light of a known risk" of harm or suffering. *Hardin v. Hayes*, 52 F.3d 934, 939 (11th Cir. 1995)(citing *Farmer*, 114 S.Ct. at 1978-79).

<u>Application of the Foregoing to Plaintiff's Second Amended Complaint</u>

Plaintiff claims the defendants "have caused the plaintiff injury or placed him at increased risk of serious injury by forcing him to eat a soy-based diet, and has caused him to suffer painful to severe gastrointestinal problems and abdominal cramps." (Doc. 30, p. 8 ¶ 10). As support for his contention that the level of soy in the DOC's food presents an objectively serious deprivation, plaintiff states that since October of 1999, the DOC has served inmates up to 100 grams of soy protein per day, which "exceeds the FDA recommended intake." (*Id.*, ¶¶ 11, 13). According to plaintiff, the "FDA recommended intake" is 25 grams. (*See* doc. 1, pp. 3-4; doc. 10, p. 6; doc. 28, Harris Aff.).

Plaintiff's reference to the "FDA recommended intake" is apparently drawn from an FDA regulation, 21 C.F.R. § 101.82. On October 26, 1999, the FDA issued a regulation on a proposed health claim associating diets low in saturated fat and cholesterol and that include soy protein, with a reduced risk of heart disease. The FDA determined that 25 grams of soy protein per day, as part of a diet low in

saturated fat and cholesterol, may reduce the risk of heart disease by reducing blood cholesterol levels.  21 C.F.R. § 101.82(a)-(b).  In connection with this finding, the FDA approved the following (or similar) health claim for use in food labeling: "25 grams of soy protein a day, as part of a diet low in saturated fat and cholesterol, may reduce the risk of heart disease."  21 C.F.R. § 101.82(e)(1).[3]

Even assuming the truth of plaintiff's allegation that the level of soy protein served by the DOC exceeds 25 grams (or is as high as 100 grams) per day, plaintiff's allegations fail to show it is plausible (not merely conceivable) that this level poses an unreasonable risk of serious damage to inmates' health.  Plaintiff merely speculates that it does.  The FDA's regulation does not warrant that deduction or reasonably infer it.  It merely establishes the daily dietary intake level of soy protein that has been associated with reduced risk of coronary heart disease. *See* 21 C.F.R. § 101.82(c)(2)(i)(G).  Plaintiff offers no other basis for finding the soy protein substitution an objectively serious deprivation.[4]  Thus, to the extent he challenges the DOC's incorporation of 100 grams of soy protein into its daily food service to the inmate population, his claim must fail, because he has not alleged or shown that that exposes inmates to a condition "so grave that it violates contemporary standards of decency to expose anyone unwillingly to such a risk." *Helling v. McKinney*, 509 U.S. at 36, 113 S.Ct. 2475; *see, e.g., Martin v. Scott*, 156 F.3d 578, 580 (5th Cir. 1998) (dismissing as frivolous Eighth Amendment claim based on prison's use of soy substitute: "[The prisoner's] contention that he was subjected to cruel and unusual punishment when he became ill after being fed Vita-Pro – a soy-based meat substitute – simply do[es] not rise to the level of cruel and unusual punishment.").

---

[3]This is the FDA's "model" health claim.

[4]He states, in conclusory terms, that the use of soy protein renders the food "nutritionally inadequate," but provides no facts to support this assertion.

Nor has plaintiff stated a plausible claim of deliberate indifference. Plaintiff's claim is grounded on his contention that defendants have substituted soy protein for meat protein in an effort to cut costs, and that they have "approved, enforce[d], and/or serve[d]" the menu despite the FDA's regulation. But the fact that conduct is motivated by cutting costs does not make it *per se* unconstitutional. Further, as discussed above, the FDA's regulation cannot plausibly be said to have put defendants on notice that serving 100 grams of soy protein per day exposes inmates to an excessive health risk. Thus, plaintiff's claim that defendants are violating inmates' Eighth Amendment rights by serving them 100 grams or more of soy protein per day should be dismissed.

To the extent plaintiff claims an Eighth Amendment violation based on the specific effects of soy protein on his own health (*i.e.*, an individual soy intolerance), he fails to state a plausible claim of deliberate indifference. Assuming, without deciding, that plaintiff's allegations of "severe gastrointestinal issues and abdominal cramps" are sufficient to state an objectively serious condition, plaintiff neither claims, nor alleges facts to suggest that any named defendant was subjectively aware of plaintiff's condition and disregarded it. The mere fact that a defendant may have supervised a subordinate who exhibited deliberate indifference to plaintiff's condition is insufficient to impose § 1983 liability on the defendant. *Hartley v. Parnell*, 193 F.3d 1263, 1269 (11th Cir. 1999) ("It is well established in this Circuit that supervisory officials are not liable under § 1983 for the unconstitutional acts of their subordinates on the basis of *respondeat superior* or vicarious liability.") (internal quotation marks and citation omitted); *Polk County v. Dodson*, 454 U.S. 312, 102 S.Ct. 445, 70 L.Ed.2d 509 (1981); *Cottone v. Jenne*, 326 F.3d 1352, 1360 (11th Cir. 2003). Thus, this aspect of plaintiff's Eighth Amendment claim is also due to be dismissed.

Accordingly, it is respectfully RECOMMENDED:

1.  That this cause be DISMISSED WITH PREJUDICE under 28 U.S.C. § 1915A for plaintiff's failure to state a claim upon which relief can be granted.

2.  That all pending motions be DENIED as moot.

3.  That the clerk be directed to close the file.

At Pensacola, Florida, this 1st day of July, 2010.


/s/ *Miles Davis*

**MILES DAVIS**
**UNITED STATES MAGISTRATE JUDGE**


### NOTICE TO THE PARTIES

**Any objections to these proposed findings and recommendations must be filed within fourteen days after being served a copy thereof.** **Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control.** **A copy of objections shall be served upon all other parties. Failure to object may limit the scope of appellate review of factual findings. *See* 28 U.S.C. § 636; *United States v. Roberts*, 858 F.2d 698, 701 (11th Cir. 1988).**